————o————

## No. 3751.

### (Court of Appeal, Parish of Orleans.)

## MRS. CAROLINE COTONIO, vs. BRIEL OR BRICE DUFOUR.

1. "Plaintiff must make her claim certain; to make it probable will not be sufficient."
2. Plaintiff having alleged ownership of a shed standing on her property, seeking to recover its value from the defendant, who had removed it, and was the real owner, cannot now shift her position and claim rental for the ground covered by the building.

Appeal from Civil District Court, Division "B."

Theo. Cotonio, for Plaintiff and Appellant.

E. T. Florance, for Defendant and Appellee.

ESTOPINAL, J.   The defendant, who owned one-half of a

square of ground bounded by Saratoga, Dufossat, Franklin and Valmont streets, is sued by the plaintiff, owner of the other half of the same square, for rents and revenues alleged to have been driven from her half of the square by the defendant during the term of three years, at the rate of Ten Dollars ($10) per month; say Three Hundred and Sixty Dollars ($360.00).

Defendant interposes the exception of no cause of action on the ground that the plaintiff's petition alleges only present ownership, omitting to recite when she acquired same. The exception and objections thereafter urged to the introduction of evidence to establish earlier title were properly overruled.

The petition is perhaps not as full and definite as it should be, but conveys by something more than inference, that plaintiff's ownership covered the period sued for.

Subsequently the plaintiff filed a supplemental and amended petition, alleging that since the filing of the original petition, the defendant had demolished certain improvements on her property, for which she claims One Hundred Dollars ($100).

Defendant again interposed a peremptory exception on the ground that the supplemental and amended petition had changed the cause of action. True the demand in the supplemental and amended petition is not identical with that in the original, but the damage alleged in the second or supplemental petition having been suffered or done during the pendency of the suit for rent, we consider the second demand sufficiently intimate to the first to permit it by way of a supplemental and amended petition. The exception was properly overruled by the Court a qua.

The facts as far as we need recall them are substantially these:

The parties to this suit owned each the one half of a square of ground, said square being entirely enclosed by a fence, but there was no separating or line fence or any mark whatsoever to indicate the division line between the two properties. Defendant's portion of the square contained improvements consisting of a residence and stable, whlie plaintiff's portion was a vacant lot, the improvements consisting of a well.

The evidence shows that the defendant, at various times, leased his premises to certain persons, some of whom engaged in the dairy business, keeping cows on the premises; that these cows roamed in defendant's yard, and being unhampered by a fence or other obstruction extended their roaming over onto the plain-

28

tiff's property. It is also shown that some of defendant's tenants made use of the well located on the plaintiff's premises, also, that one of defendant's tenants built a shed in the rear of plaintiff's stable, which shed extended over and was nearly entirely on plaintiff's lot; also that the defendant's tenant used this shed to shelter his cows.

To be successful in this litigation it becomes necessary for the plaintiff to bring home to the defendant the responsibility for all the acts committed by his tenants, in other words, that the tenants used plaintiff's property by virtue of a lease which he had made to them of that property, or that he had in some way authorized them to use plaintiff's property.

We have examined the testimony carefully and we are unable to discover that defendant ever rented other than his own property, and certainly it is not contemplated that the landlord should be made to account for any trespass or other act committed on property dehors the term of the lease.

At best if the defendant was held accountable for the trespass committed on plaintiff's property, we would do so upon what appears from the testimony of witnesses to have been mere insinuations.

A receipt which we find in the record satisfies us that, whatever the tenant may have thought or done under the verbal lease which they held, indicates payment of rent for defendant's property, and no other.

The receipt reads:

January 31st, 1904.

Received of Chellina Bros., Fifteen Dollars for house rent Cor. Saratoga and Dufossat.

(Signed) Mr. B. Dufour.

Counsel for plaintiff on his brief relies upon the testimony of one F. E. Munch, a former tenant, to show that the defendant had leased him the entire square. From our appreciation of this witness testimony we cannot agree with counsel.

After stating that the lease was a verbal one, by the month, and that he paid Fifteen Dollars ($15.00) a month, the question was asked:

Q. For the whole place?

29

A.  I don't know the whole place.  I rented the stable and house.

Q.  Did you rent the ground?

A.  I rented the stable and house, and I suppose the ground went with it.

Q.  Did you have the use of the entire ground?

A.  *I just turned the cows out; I didn't know if the land belonged to Mr. Dufour or you.*

Q.  You did actually have the use of the entire property, did you not?

A.  Well, I turned them, (the cows), out just as I told you before.

Q.  That shed you said you built, did you use it to stable your cows?

A.  Yes sir.

Q.  Did Mr. Dufour at any time say to you that he had possession of the entire square?

A.  *We never had any conversation about that.*

Then follow questions and answers in reference to defendant's attitude when reminded by his tenant that the plaintiff was claiming rent for his property.

Th same witness says that Dufour told him "You go home and attend to your business, and I will attend to mine, Mr. Munch."

Now this answer, at best, permits of an inference upon which we of course, cannot base a decree.  It may be given several interpretations.

Another circumstance which tends to confirm us in the opinion that Dufour leased his own property alone, is the fact that the rental of Fifteen Dollars ($15.00) charged for his one-half of a square of ground with improvements thereon, consisting of a residence and a large stable, appears to be exceedingly low and could not have included plaintiff's property.  Granting that the one-half square adjoining, belonging to plaintiff, bare of all improvements save a well could, as testified to, command Six ($6) or Ten ($10.00) Dollars a month, then the stronger the reason to believe that the improved half alone and none other was leased at the admitted rental of Fifteen Dollors ($15.00).

Plaintiff claims One Hundred Dollars ($100.00) for a certain shed demolished by defendant which rested against defendant's stable and extended over and occupied a portion of her lot and

which the evidence shows, was used by the tenant of defendant.

Plaintiff's claim to the ownership of the shed cannot be seriously urged in the face of the testimony found in the record, which shows the facts to be these:

A few years ago defendants leased his property to one Munch, who, of his own volition, the record not showing that the defendant was consulted or had authorized the work, erected a shed fifteen feet wide by sixty feet long, of which about nine or ten feet, by the entire length (60 ft.), extend on plaintiff's property. Upon the termination of this lease Munch sold out everything he possessed, including the shed which was purchased by the defendant, or, rather, by his wife defendant's) who represented him during his then absence.

Plaintiff being shown not to be the owner of the shed, the value of which she claims, her demand for its value must be dismissed, and it follows that plaintiff cannot now shift her position so as to demand rental for the ground it occupied, on the theory that it really belonged to defendant.

"In order to recover plaintiff should make her claims certain; to make it probable is not sufficient."

Plaintiff has failed to make out her case with that certainty which would permit us to adopt any other conclusion than that of the Lower Court in which we find no error, and the judgment appealed from is hereby affirmed.

November 27, 1905.

Rehearing refused Dec. 11, 1905.